United States District Court
Southern District of Texas
FILED

SEP 28 2000

Michael N. Milby
Clerk of Court

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DANIEL SALDANA

Receipt 114262

## DEFENDANTS
H.E. BUTT GROCERY COMPANY

B-00-149

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: CAMERON
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: CAMERON
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JAMES A. HERRMANN    (956) 421-5776
1205 E. TYLER AVENUE
HARLINGEN, TEXAS 78550
(See supplement JS44 Civil cover sheet
for other counsel)

ATTORNEYS (IF KNOWN) ROBERT A. VALADEZ
MARK A. GILTNER   (210) 349-0515
112 E. PECAN - STE. 2600
SAN ANTONIO, TEXAS 78205

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

DEFENDANT IS REMOVING BASED ON 29 U.S.C. SECTION 1332. PLAINTIFF'S CAUSE OF ACTION IS PRE-EMPTED.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ROGELIO VALDEZ   DOCKET NUMBER #2000-07-02892-E

DATE 9/26/00

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL SALDANA | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-149 |
| | § | |
| H. E. BUTT GROCERY COMPANY | § | |

### SUPPLEMENT TO JS 44 CIVIL COVER SHEET, TO BE USED WHEN FILING A REMOVAL CASE

THIS FORM MUST BE FILED WITH THE UNITED STATES DISTRICT

CLERK'S OFFICE ON THE FIRST BUSINESS DAY FOLLOWING THE

FILING OF THE NOTICE OF REMOVAL.

Additional Sheets May Be Used as Necessary

This Form Must Be Signed by Attorney of Record for Removing Party.

Was Jury Demand Made In State Court?  __XX__ Yes  _____ No

   If "Yes," by which party, and on what date?

| | |
|---|---|
| Daniel Saldana, Plaintiff | August 18, 2000 |
| Party | Date |

STYLE OF ORIGINAL PETITION

(Please include all Plaintiffs, Defendants, and Intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named, and include the attorney's firm name, mailing address, and phone number (including area code).

1

## Party

Daniel Saladana, Plaintiff

## Attorney(s)

James A. Herrmann
Law Offices of James A. Herrmann
Attorney at Law
1205 E. Tyler Avenue
Harlingen, Texas 78550
Tel No.: (956) 421-5776
Fax No. (956) 421-5756
State Bar No.: 09541500

George P. Powell
Hinojosa & Powell, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504
Tel No.: (956) 686-2413
Fax No.: (956) 686-8462
State Bar No.: 16196000

H.E. Butt Grocery Company

Robert A. Valadez
State Bar No. 20421845
Mark A. Giltner
State Bar No. 07964960
Shelton & Valadez, P.C.
2600 Weston Centre
112 E. Pecan
San Antonio, Texas 78205
Tel No. (210) 349-0515
Fax No. (210) 349-3666

2

ClibPDF - www.fastio.com

## COUNTERCLAIMS, CROSSCLAIMS AND/OR THIRD PARTY CLAIMS

(Please list separately each counterclaim, crossclaim, or third-party claim still remaining in the case, and designate the nature of each such claim. For each counterclaim, crossclaim, or third-party claim, please include all Plaintiffs, Defendants, and Intervenors still remaining in the case. Also, list the attorney(s) of record for each party named, and include the attorney's firm name, mailing address, and phone number (including area code).

| Party | Attorney(s) |
|---|---|
| None | |

_9/26/00_
Date

_[signature]_
Signature of Attorney In Charge of Record For Removing Party

156126.1

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 28 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANIEL SALDANA | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-149 |
| | § | |
| H. E. BUTT GROCERY COMPANY | § | |

## DEFENDANT, H. E. BUTT GROCERY COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

### I. INTRODUCTION

Defendant, H. E. BUTT GROCERY COMPANY files this Notice of Removal under 28 U.S.C. §§1441, 1446, and 1331, and shows the following:

On August 18, 2000, Plaintiff, DANIEL SALDANA, filed a lawsuit in the 138th Judicial District Court, Cameron County, Texas, against Defendant, H. E. BUTT GROCERY COMPANY styled *DANIEL SALDANA V. H. E. BUTT GROCERY CO.,* Cause No. 2000-08-003438-B. Defendant was served with a citation and petition on August 28, 2000. Defendant timely filed this Notice of Removal within thirty (30) days as required by 28 U.S.C. §1446(b).

### II. NATURE OF THE SUIT

Plaintiff is a participant in an employee welfare benefit plan offered by his employer, H.E. Butt Grocery Company. In Plaintiff's Original Petition, Plaintiff alleges Defendant failed to pay benefits it was obligated to pay after Plaintiff sustained an

1

occupational injury. (See Plaintiff's Original Petition)(Plaintiff mistakenly identifies H.E.B. as an "insurance carrier"). . More particularly, Plaintiff asserts Defendant owed Plaintiff a duty of good faith and fair dealing and Defendant improperly denied benefits "when it knew or should have known that it was reasonably clear that the claim was covered." Plaintiff seeks to recover damages due to Defendant's failure to pay medical benefits.

### III.
### BASIS FOR REMOVAL

Removal is proper because Plaintiff's suit involves a federal question. Specifically, Plaintiff's claims arise under 29 U.S.C. §1132. *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 66, 108 S. Ct. 1542 (1980). In *Taylor*, the Supreme Court considered whether an employee's suit against former employer alleging breach of contract were not only pre-empted by ERISA, but were also displaced by ERISA's civil enforcement provision, to the extent that complaints filed in state court stating, common law causes of actions, are removable to federal court. *Id.* at 60. The Supreme Court determined that even though Plaintiff's allegations purport to raise only a state law claim, if this claim is based on ERISA, they are necessarily federal in character by virtue of the clearly manifested intent of Congress. *Id.* at 167. Therefore, Taylor's breach of contract claim, "arises under the laws of the United States," and is removable to federal court by Defendant. *Id.*

The HEB Work Injury Benefit Program which Plaintiff alleges Defendant breached is subject to the conditions and requirements of ERISA. Accordingly,

ERISA includes a preemption clause that expressly "supersedes any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(a). The term "relates to" means "a connection with or reference to" an employee benefit plan. *See Rozell v. Security Services, Inc.*, 38 F3d 819, 821 (5th Cir. 1994). Thus ERISA preempts a state law claim "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan and (2) the claim directly affects the relationship between the traditional ERISA entities, the employer, the plan and it fiduciaries, and the participants and beneficiaries." *Smith v. Texas Children's Hospital*, 84 F3d 152, 155 (5th Cir. 1996).

## IV.
## VENUE

Venue in this district is proper because the Southern District of Texas, Brownsville Division, embraces Cameron County, where the original lawsuit is pending and the events giving rise to this cause of action accrued. 28. U.S.C. §1141(a).

## V.
## THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

Defendant's Notice of Removal is procedurally correct.

Defendant's Index of State Court Document containing true and correct copies of all process, pleadings and orders served upon Defendant is being filed contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

Defendant will promptly file a copy of this Notice of Removal with the Clerk of the State Court in which the action is pending.

3

WHEREFORE, PREMISES CONSIDERED, the Defendant, H. E. BUTT GROCERY COMPANY, prays that this Notice of Removal be deemed sufficient, and that proceedings attached hereto be removed from the 138th Judicial District Court of Cameron County, Texas to the docket of this honorable Court.

Respectfully submitted,
SHELTON & VALADEZ, P.C.
2600 Weston Centre
112 E. Pecan
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile (210) 349-3666

BY: _____
ROBERT A. VALADEZ
State Bar No. 20421845
MARK A. GILTNER
State Bar No. 07964960

ATTORNEYS IN CHARGE

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded by certified mail, return receipt requested on the __26__ day of September, 2000 to:

James A. Herrmann
Law Offices of James A. Herrmann
Attorney at Law
1205 E. Tyler Avenue
Harlingen, Texas 78550

George P. Powell
Hinojosa & Powell, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504

_____
MARK GILTNER

156110.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL SALDANA | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-149 |
| | § | |
| H. E. BUTT GROCERY COMPANY | § | |

### INDEX OF STATE COURT DOCUMENTS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

Defendant, H. E. BUTT GROCERY COMPANY files this Index of matters being filed, and shows as follows:

1. Date: 8/28/00  Citation directed to H E. BUTT GROCERY COMPANY and attached Plaintiff's Original Petition;

2. Date: 9/15/00  Defendant's Original Answer (will be submitted upon receipt from State Court)

3. State Court Docket Sheet (will be submitted upon receipt from State Court)

Respectfully submitted,

SHELTON & VALADEZ, P.C.
2600 Weston Centre, 112 E. Pecan
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666

BY: _____
ROBERT A. VALADEZ
State Bar No. 20421845
MARK A. GILTNER
State Bar No. 07964960
ATTORNEYS IN CHARGE

1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded by regular and certified mail, return receipt requested on the _26_ day of September, 2000 to:

James A. Herrmann
Law Offices of James A. Herrmann
Attorney at Law
1205 E. Tyler Avenue
Harlingen, Texas 78550

George P. Powell
Hinojosa & Powell, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504

_____
MARK A. GILTNER

156127.1

2

No. 2000-08-003438-B

# THE STATE OF TEXAS


RECEIVED
AUG 18 2000
DEAN DECKARD

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: H.E. BUTT GROCERY CO.
BY SERVING IT'S AGENT
DEAN DECKARD
646 S. MAIN AVENUE
SAN ANTONIO, TEXAS 78204

the    RESPONDENT    , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said    PETITION    was filed on    AUGUST 18, 2000   . A copy of same accompanies this citation.

The file number of said suit being No. 2000-08-003438-B.

The style of the case is:

DANIEL SALDANA
VS.
H.E. BUTT GROCERY CO.

Said petition was filed in said court by    HON. JAMES HERRMANN    (Attorney for    PLAINTIFF   ), whose address is 1205 E. TYLER AVENUE HARLINGEN TX 78550   .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 18th day of AUGUST, A.D. 2000.

    AURORA DE LA GARZA   , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: *Danella Ahumada*, Deputy

CAUSE NO.  2000-08-3436-B



| | | |
|---|---|---|
| DANIEL SALDAÑA, | § | IN THE 138th JUDICIAL |
| Plaintiff, | § § § | |
| vs. | § | DISTRICT COURT OF |
| H.E. BUTT GROCERY CO., | § § | |
| Defendant. | § § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DANIEL SALDAÑA, plaintiff and files his complaint against H.E. Butt Grocery Co., and for cause of action would respectfully show the following:

1. Plaintiff designates this case under Texas Rules of Civil Procedure, Rule 190.3.

2. Daniel Saldaña is a resident of Cameron County, Texas.

3. H.E. Butt Grocery Company is in the retail grocery business doing business in Cameron County, Texas. H.E. Butt Grocery Co.'s agent for service of process is Dean Deckard, 646 S. Main Ave., San Antonio, TX 78204.

4. In November of 1998, plaintiff was employed by H.E. Butt Grocery Co. in Brownsville, Texas. During the course and scope of his employment as a sacker at an H.E.B. store, plaintiff received a serious injury to his back involving the failure of an orthopedic device which had been placed in his spine by a previous operation.

5. Defendant is a self-insurer for worker's compensation purposes. Defendant does not subscribe to the Texas Worker's Compensation System nor does the defendant have a state certified worker's compensation program. Plaintiff Saldaña made a worker's compensation claim against the defendant's self insurance program and received some benefits. However, because of the nature of the plaintiff's injury, only a few specialized surgeons were willing to perform the surgery necessary to repair the plaintiff's back.

6. H.E.B. as the worker's compensation insurer had selected health providers in its PPO. However, none of the providers in the H.E.B.'s PPO had the qualifications or the willingness to perform the procedure necessary to repair the plaintiff's back.

7. H.E.B. as the insurance carrier refused to allow the plaintiff to seek medical care outside the PPO and refused to pay for the surgery that was necessary to repair the plaintiff's back.

8. A special relationship existed between the plaintiff and H.E.B. as insurer such that H.E.B. owed the claimant a duty of good faith and fair dealing.

9. The insurer denied benefits under its program when it knew or should have known that it was reasonably clear that the claim was covered.

10. The insurer's denial of the plaintiff's request for surgery proximately caused damage to the plaintiff. Because the defendant would not pay for the plaintiff's surgery, plaintiff had to wait for almost a year in great pain before Medicaid would pay for his

surgery. Plaintiff incurred approximately $120,000.00 in medical bills as a result of the surgery which to-date the defendant has not paid.

11. There was no reasonable basis for the defendant to deny medical benefits to the plaintiff.

12. Defendant knew or should have known that there was no reasonable basis for denying or delaying payment of the plaintiff's claim.

13. The defendant's lack of good faith, separate and independent from the original injury proximately caused the plaintiff damage.

14. The plaintiff was damaged as a result of the defendant's failure to pay medical benefits.

**WHEREFORE,** plaintiff prays that upon trial of this cause judgment be entered warding him:

A. Compensatory damages for the injuries caused to him by the defendant;

B. Requiring the defendant to pay all outstanding medical bills resulting from his injury;

C. Punitive damages for the defendant's willful and malicious conduct;

D. Pre and post judgment interest as required by law; and,

E. Such other and further relief to which plaintiff may show himself to be justly entitled.

3

Respectfully submitted,

BY: *James A. Herrmann* (signature)
JAMES A. HERRMANN
State Bar No. 09541500
1205 E. Tyler Avenue
Harlingen, TX 78550
(956) 421-5779
Fax No. (956) 421-5779

GEORGE P. POWELL
State Bar No. 16196000
HINOJOSA & POWELL, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504
Telephone: 956/686-2413
Facsimile: 956/686-8462

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS TRIAL BY JURY**

4