3

United States District Court
Southern District of Texas
FILED

SEP 2 8 2000

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DANIEL SALDANA** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** B-00-149 |
| | § | |
| **H. E. BUTT GROCERY COMPANY** | § | |

## DEFENDANT, H. E. BUTT GROCERY COMPANY'S, MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

Defendant, H. E. BUTT GROCERY COMPANY ("Defendant"), respectfully submits this Motion to Dismiss pursuant to Rule 12(b)(6) and in support thereof would show this Court as follows:

I.

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**A. Factual Background**

Plaintiff asserts he sustained an injury on the job and Defendant failed to pay benefits pursuant to the H.E.B. Work Injury Benefit Plan (improperly identified as "H.E.B. insurance"). Plaintiff's Original Petition appears to assert, among other causes of action, a Texas common law claim for breach of contract, breach of the duty of good faith and fair dealing, and negligent claims handling. Defendant asserts all causes of action relating to the alleged failure to provide benefits are preempted pursuant to the Employee Retirement Income Security Act ("ERISA").

**B. The Application of Federal Rule of Civil Procedure 12(b)(6).**

Federal Rule of Civil Procedure 12(b)(6), allows a defendant to attack the legal

1

sufficiency of a claim or claims stated by the Plaintiff in his complaint.  Fed. R. Civ.

P. 12(b)(6).  A dismissal of a cause of action under Rule 12(b)(6), is proper where

there is either a lack of a cognizable legal theory or the absence of sufficient facts

alleged under a cognizable legal theory.  *Balisteri v. Pacifica Police Department,* 901

F.2d 696, 699 (9th Cir. 1990).  Thus, where a Plaintiff has included in his complaint

allegations that fail to state a cause of action under the law, the court is empowered

to dismiss the cause of action pursuant to Rule 12(b)(6).  *See Lewart v. Woodhall

Care Center Assoc.,* 549 F.Supp. 879, 883 (S.D.N.Y. 1982).

C. **This Court Should Dismiss all of Plaintiff's Causes of Action relating to Defendant's Alleged Failure To Pay Plaintiff's Medical Claims because they "relate to" An ERISA Plan and ERISA Preempts Such Claims.**

In Plaintiff's First Amended Petition, Plaintiff alleges a common law cause of

action for breach of contract under Texas law.  Plaintiff alleges that Plaintiff and

Defendant had a contract known as the HEB Work Injury Benefit Program.  Plaintiff

alleges this contract would compensate Plaintiff for any medical expenses incurred

and/or lost wage suffered as a result of any work related injury. (*See* Plaintiff's

Original Petition).  Plaintiff also alleges that Defendant has not performed its

contractual obligations because it failed to pay for some of Plaintiff's medical

expenses.  Plaintiff alleges he has sustained damages due to Defendant's failure to

pay medical benefits.

The HEB Work Injury Benefit Program described is a welfare benefit plan

providing medical, income and other benefits to a subscribing employee incurring a

work injury.  Accordingly, the HEB Work Injury Benefit Program is subject to the

Employee Retirement Income Security Act of 1974 (ERISA).

Section 514(a) of ERISA preempts "any and all State laws insofar as they now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Thus, if Plaintiff's claims "relate(s) to" Defendant's ERISA plan, it will be preempted by ERISA. 29 U.S.C. § 1144(a). Further, allegations of breach of the duty of good faith and fair dealing negligent claims handling and breach of contract, relating to a Plan's alleged failure to pay benefits, are preempted by ERISA. *Spillers v. Webb* 979 F. Supp. 494 (S.D. Texas 1997); *McManus v. Travelers Health Network of Texas* 742 F. Supp. 377 (W.D. Texas 1990).

The phrase "relate to" has been given its broad common-sense meaning, such that a state law claim may relate to an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85,96-97 (1983). Moreover, the civil enforcement provisions of ERISA are the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 55 (1987); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987). ERISA preempts a state law claim "if (1) the State law claim addresses an area of exclusive federal concern, such the right to receive benefits under the terms of an ERISA Plan; and (2) the claim directly affects the relationship between the traditional ERISA entities– the employer, the plan and its fiduciary; and the participants and beneficiaries". *Hubbard v. Blue Cross and Blue Shield Association,* 42 F3d 942, 945 (5th Cir. 1995). Thus, if the common law causes of action in the complaint each rest on alleged improper

processing of a benefit under an employee benefit plan, the causes of action "relates to" an ERISA plan and, therefore, would fall under ERISA's preemption clause. *Pilot*, 481 U.S. 41.

In *Pilot*, an employee brought common law negligence and breach of contract claims against an insurance company that issued his employer's group insurance policy. *Id.* The Supreme Court held that the common law causes of action, which were based on alleged improper processing of a claim for benefits under an employee benefit plan, met the criteria for preemption under section 514(a). *Id.* At 48. Significantly, even though the defendant argued that ERISA preempted claims based on failure to pay in its motion for summary judgment, the Court did not distinguish failure-to-pay claims from failure-to-process claims.

In *Metropolitan*, the Court relied upon *Pilot* to support its holding that the plaintiff's common law breach of contract and tort claims were related to an ERISA plan and thereby were preempted by ERISA. 481 U.S. at 62.

The Fifth Circuit has similarly noted that "it is clear that ERISA preempts a state law cause of action brought by an ERISA plan participant or beneficiary alleging improper processing of a claim for plan benefits." *Memorial Hospital System v. Northbrook Life Insurance Company*, 904 F.2d 236, 245 (5th Cir. 1990). In *Memorial*, the Fifth Circuit devised a two prong test that should guide this Court's analysis of whether ERISA preempts Plaintiff's common law cause of action. *Id.* Accordingly, preemption is proper (1) where the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and

-4-

(2) where the claims directly affect the relationship among the traditional ERISA entities, such as the employer, the plan, the fiduciaries, the participants, or the beneficiaries. *Id.* However, the court noted that some state laws affect an employee benefit plan "in too tenuous, remote, or peripheral a manner to preempted" and to make this determination, the court should closely consider whether the second factor is satisfied. *Id.* at 249; *see also Shaw*, 463 U.S. at 100 n. 21.

The two-prong test was recently applied by the Fifth Circuit in *Transitionaly Hospitals Corp v. Blue Shield of Texas*, 164 F.3d 952 (5th Cir. 1999), a case analogous to the case at bar. In that case, the court held that defendant's refusal to pay for medical injuries related directly to the operation of an ERISA plan so as to warrant ERISA preemption and the subsequent dismissal of the breach of contract cause of action. *Id.* at 955. The court found that the breach of contract claim was related to an ERISA plan because the common law claim was "dependent and derived from the right of the beneficiary of the plan to recover." *Id.*

On the face of Plaintiff's Original Petition, it is clear that both prongs of the Fifth Circuit test are satisfied. First, Plaintiff's claim that Defendant failed to pay the medical claims relates directly to Plaintiff's "right to recover benefits under the terms of an ERISA plan." *Memorial,* 904 F. 2d 245. Second, Plaintiff's claims involve and affect traditional ERISA entities, specifically the employer Defendant and the participant Plaintiff. *Id.* Given the factual allegations of Plaintiff in support of his

causes of action and the controlling law of the Supreme Court and Fifth Circuit,
Plaintiff's claims should be dismissed.

In sum, Plaintiff's Original Petition fails to state a viable cause of action for
breach of contract, breach of the duty of good faith and fair dealing, or negligence.
Plaintiff may not maintain such actions based on Defendant's alleged failure to pay
for Plaintiff's medical care covered by an ERISA plan. The Supreme Court's decision
in *Pilot*, and subsequent Fifth Circuit decisions regarding ERISA preemption of state
law claims, support dismissal of Plaintiff's causes of action. Further, this District's
opinions, directly on point, support dismissal.

WHEREFORE, Defendant respectfully prays that the Court grant Defendant's
Motion to Dismiss pursuant to Rule 12(b)(6) and dismiss Plaintiff's causes of action
in their entirety.

Respectfully submitted,

SHELTON & VALADEZ, P.C.
2600 Weston Centre, 112 E. Pecan
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666

BY: _____
ROBERT A. VALADEZ
State Bar No. 20421845
MARK A. GILTNER
State Bar No. 07964960

ATTORNEYS IN CHARGE

-6-

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded certified mail, return receipt requested on the _2ᵗ̲ʰ̲_ day of September, 2000 to:

James A. Herrmann
Law Offices of James A. Herrmann
Attorney at Law
1205 E. Tyler Avenue
Harlingen, Texas 78550

George P. Powell
Hinojosa & Powell, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504

_____
MARK A. GILTNER

156109.1

-7-