United States District Court
Southern District of Texas
FILED

OCT 23 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL SALDAÑA, | § | |
| | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | |
| | § | B-00149 |
| vs. | § | |
| | § | |
| H.E.B., INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION TO REMAND
AND
OPPOSITION TO DEFENDANT'S 12(b)(6) MOTION**

Plaintiff hereby moves for the remand of this cause to the 138th Judicial District Court of Cameron County, Texas and in support of said motion would respectfully show the following:

This is an action for breach of the duty of good faith by the plaintiff against his employer, H.E.B. Grocery Company. Plaintiff claims that the defendant in bad faith failed to pay worker's compensation medical benefits necessitated by a work related injury suffered by the plaintiff. Defendant, H.E.B. has a self insured worker's compensation program.

Defendant argues as a basis for removal to this Court that the plaintiff's claims are preempted by the Employee Retirement Income Security Act (ERISA) arguing that the defendant's work injury program is an ERISA benefit plan.

Defendant fails to state in its notice of removal or in its motion under rule 12(b)(6) that ERISA does not preempt or cover plans maintained solely for the purpose of complying with applicable workermen's compensation laws. See, 29 U.S.C. § 1003(b)(3).

In fact, the case establishing the tort for the breach of duty of good faith and fair dealing in the worker's compensation context rejected a similar ERISA preemption argument. See, *Aranda vs. Insurance Company of North America,* 833 S.W.2d 209 (Tex. App.-Hous [14th Dist.] 1992, rehearing den'd), on rem. 748 S.W.2d 210 (Tex. 1988). See, also, *TEIA vs. Puckett,* 822 S.W.2d 133 (Tex. Civ. App.-Hous [1 Dist.] 1991, writ denied) and, *E-Z Mart Stores vs. Hale,* 883 S.W.2d 695 (Tex. Civ. App.- Texarkana 1994, writ den.). It is the defendant's burden to show that its worker's compensation program somehow preempts despite the clear language of 29 U.S.C. § 1003(b)(3). *Olivarez vs. Utica Mutual Ins. Co.,* 710 F.Supp. 642 (D.N.D., Dal. Div. 1989). See, also, *Fears vs. Luedke,* 739 F.Supp. 327 (E.D. Tex. Beau. Div. 1990). *Walker vs. Health Benefit Management Cause Containment, Inc. and Service Lloyds Ins. Co.,* 860 F.Supp. 1163 (N.D. F. Worth Div. 1994). This the defendant has completely failed to do.

In its motion under Rule 12(b)(6) simply alleges that its worker's compensation program is a welfare benefit program preempted by ERISA. This allegation cannot trump the clear language of 29 U.S.C. 1003(b). In this case, the plaintiff only sought worker's compensation benefits which were denied to him under the defendant's worker's compensation program. There is no evidence or indication that the defendant's worker's

compensation program is anything other than a worker's compensation program contrary to the cases cited by the defendants in their motion to dismiss.

The Texas Workers' Compensation Act clearly supports claims for bad faith failure to pay worker's compensation benefits. See, Verns Annotated Texas statute Labor Code §416.

## CONCLUSION

This Court should follow the clear language of 29 U.S.C. § 1003(b) and remand this action to the 138th Judicial District of Cameron County, Texas.

**WHEREFORE**, plaintiff prays that this case be remanded to the 138th Judicial District Court of Cameron County, Texas and that all other relief be denied for want of jurisdiction.

Respectfully submitted,

By: _____
JAMES A. HERRMANN
State Bar No. 09541500
Fed. I.D. No. 3824
1205 E. Tyler Avenue
Harlingen, TX 78550
(956) 421-5776
Fax No. (956) 421-5779

3

>GEORGE P. POWELL
>State Bar No. 16196000
>Fed. I.D. No. 3849
>Hinojosa & Powell, P.C.
>612 Nolana, Ste. 410
>McAllen, TX 78504
>(956) 686-2413
>Fax No. (956) 686-8462

## CERTIFICATE UNDER RULE 6(b)

On Friday afternoon plaintiff's counsel attempted to call counsel for defendant to inquire if they opposed this motion but counsel working on this case had left for the day, therefore, plaintiff's counsel will assume that defendant's counsel opposes said motion.

## CERTIFICATE OF SERVICE

I, JAMES A. HERRMANN, do hereby certify that on this the 20th day of October, 2000, I caused to be mailed a true and correct copy of Plaintiff's Motion to Remand and Opposition to the Defendant's 12(b)(6) Motion to defendant's attorney of record:

Mr. Robert A. Valadez
Shelton & Valadez, P.C.
2600 Weston Centre
112 E. Pecan
San Antonio, TX 78205

_____
JAMES A. HERRMANN

4