

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

NOV 2 1 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **DANIEL SALDANA** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. B-00-149** |
| | § | |
| **H. E. BUTT GROCERY COMPANY** | § | |

### DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT THEREOF

Defendant, H.E. BUTT GROCERY COMPANY, files this Amended Response to Plaintiff's Motion to Remand and Brief in Support Thereof and shows this Court as follows:

1.  This lawsuit relates exclusively to Plaintiff's claim that the H.E.B. Work Injury Benefit Plan failed to pay benefits which Plaintiff asserts he is entitled to receive. No allegations of negligence proximately causing a work injury is asserted. Interestingly, Plaintiff has filed a separate lawsuit in state court exclusively asserting a negligence claim related to the on the job injury. (See *Daniel Saldana v. H.E. Butt Grocery Company*, Cause No. 3000-07-2892-E in the 357th Judicial District Court, Cameron County, Texas). Plaintiff's Motion to Remand admits: "This is an action for breach of the duty of good faith and fair dealing by the Plaintiff against his employer, H.E. Butt Grocery Co."

2.  On September 26, 2000 Defendant removed this lawsuit to federal court on the basis of ERISA preemption. Plaintiff's Motion to Remand relies exclusively upon 29 U.S.C. § 1003(b)(3); A "safe harbor" provision relating to

1

ERISA preemption.

3.    The statute in question states as follows:

**29 U.S.C. 1003. Coverage**

(b).    The provisions of this subchapter shall not apply to any employment benefit plan if -

3.    Such a plan is maintained solely for the purpose of complying with applicable workmen's compensation laws or unemployment compensation or disability insurance laws;

4.    Plaintiff asserts the H.E.B. Work Injury Benefit Plan is "maintained solely for the purpose of complying with applicable workers' compensation laws". *See* Plaintiff's Motion to Remand.  Plaintiff's argument is misplaced as Section 1003(b)(3) is inapplicable to this lawsuit.

I    <u>**H.E.B. Work Injury Benefit Plan is not workmen's compensation insurance nor maintained "solely to comply with workmen's compensation laws".**</u>

5.    Effective September 15, 1994 H.E.B. elected to discontinue coverage under the Texas Workers' Compensation Act ("TWCA").  Accordingly, after that date, H.E.B. was a nonsubscriber to the TWCA and all Partners (H.E.B. employees are referred to as "Partners") were no longer entitled to receive benefits under the TWCA.  *See* paragraph 2 of the Election and Agreement Form attached as final page of Exhibit "D-1".

6.    The H.E.B. Work Injury Benefit Plan is a welfare benefit plan providing medical, income and other benefits due to a work injury.  *See* the H.E.B. Work Injury Benefit Plan Summary Plan Description, pages 23-29, attached as Exhibit

2

CVisPDF - www.fasoo.com

"D-1".

7.    ERISA defines an employee welfare benefit plan as:

Any plan, fund, or program which was hereto or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (a) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment...

**29 U.S.C. §§ 1002(1)(a) and 1002(3).**

8.    Clearly, the H.E.B. Work Injury Benefit Plan is an employee welfare benefit plan subject to ERISA.  The Plan is not workers' compensation insurance nor is it designed to provide identical benefits as the TWCA.

9.    Plaintiff's attempt to circumvent this Court's jurisdiction has already been addressed by multiple Texas district courts.  In *Pyle v. Beverly Enterprises-Texas, Inc.*, 826 F. Supp. 206 (N.D. Texas 1993), an employee who was injured in a work related accident sought to remand a lawsuit filed against her employer. The employer, a non-subscriber under the TWCA, maintained a work injury benefit plan which provided employees necessary medical care and treatment for occupational injuries.  The *Pyle* court held that a non-subscribing employer who maintained an employee benefit plan to compensate employees for injuries sustained in the course and scope of their employment did not maintain the program "solely for the purpose of complying with applicable workers' compensation laws".  *Id at* 209.  The Court stated:

"Because Texas law does not require that *Beverly* establish such a plan, it

3

did not do so 'solely for the purpose for complying with' the TWCA...
Accordingly, § 1003(b)(3) does not exempt this action from ERISA
preemption, and *Pyle's* motion to remand on this basis is denied."

*Id.*

10.     This identical issue was also considered by the district court in

*Gilbeau v. 3927 Foundation, Inc.*, 177 F.R.D. 387(E.D. Tex. 1998).  In *Gilbeau*,

the plaintiff asserted the "safe harbor" provision of Section 1003(b)(3) prohibited

ERISA preemption because it should not apply to an employment benefit plan

"maintained solely for the purposes of complying with applicable state workers'

compensation laws."  The Court considered the legislative history of Section

1003(b)(3) and determined this exemption was created to allow states to keep

control over their workers' compensation systems.  *Id* at 393.  The Court

determined the "safe harbor" provision does not apply where a state voluntarily

cedes control over certain plans by allowing employers to exist outside of the

workers' compensation system.  *Id* at 394.  The Court stated:

> Accordingly, the court finds that a non-subscribing employer maintaining a
> plan for injuries incurred in the course and scope of employment does not
> fall under 29 U.S.C. Section 1003(b)(3), so long as state law allows the
> employer to be a non-subscriber.  Therefore, since the Plan is not covered
> by an applicable savings clause and, from the face of the complaint fulfills
> all of the Memorial Hospital System criteria for an ERISA plan, the Plan falls
> under the scope of ERISA.

*Id*.

An employer who chooses not to subscribe to the TWCA exists outside

workers' compensation laws altogether.  See *Pyle*, 826 F. Supp. at 209; *Gilbeau*,

177 F.R.D. at 393; *Eurine v. Wyatt Cafeterias, Inc.,* 1991 WL 207468 at *2 (non-

4

subscriber plan does not arise under TWCA for purposes of 28 U.S.C. § 1445).

Accordingly, Plaintiff's reliance on § 1003(b)(3) is improper.

II      **Plaintiff's authorities are misplaced**

12.     The authorities cited by Plaintiff's counsel relate to judicial opinions interpreting the ERISA "safe harbor" provision against employers who were *subscribers* to the Texas Workers' Compensation Act or their workers' compensation carriers. *Aranda v. Insurance Company of North America*, 833 S.W. 2d 209 (Tex. App.- Houston [14th Dist.] 1992), on *rem*, 748 S.W. 2d 210 (Tex. 1988)(suit asserting duty of good faith and fair dealing claim against workers' compensation insurance carrier); *TEIA v. Puckett,* 822 S.W. 2d 133 (Tex.Civ.App.-Houston [1st Dist.] 1991, writ denied)(lawsuit regarding claims handling asserted against workers' compensation carrier); *Olivarez v. Utica Mutual Insurance Company*, 710 F. Supp. 642 (N.D. Tex. 1989)(suit against workers' compensation carrier); *Fears v. Luedke*, 739 F. Supp. 327 (E.D. Tex. 1990)(suit relating to improper handling of workers' compensation claim); *Walker v. Health Benefit Management Cause Containment, Inc., and Service Lloyds Insurance Co.,* 860 F. Supp. 1163 (N.D. Tex. 1994)(suit against workers' compensation insurance carrier not subject to removal); *Compare E-Z Mart Stores v. Hale,* 883 S.W. 2d 695 (Tex.Civ.App.-Texarkana 1994, denied)(suit against employer contracting to provide same benefits that would be provided under workers' compensation).

H.E.B. in not a subscriber to the Texas Workers' Compensation Act (see

5

Exhibit "D-1"). In fact, H.E.B. has not even purchased insurance to provide similar benefits. Rather, the Plan is a self-funded work injury benefit plan governed by ERISA. Simply put, Plaintiff's reliance upon authorities discussing remedies available against workers' compensation carriers is irrelevant.

III   **Allegation of breach of duty and good faith and fair dealing against workers' compensation insurance carrier is not subject to remand**

13.   Assuming arguendo, the H.E.B. Work Injury Benefit Plan is somehow construed to be 'solely for the purpose of complying with workmen's compensation laws', remand would be improper.

In *Patin v. Allied Signal, Inc.*, 77 F. 3d 782 (5th Cir. 1996), the 5th Circuit affirmed the trial court's denial of Plaintiff's motion to remand. The Court determined that a breach of duty and good faith in fair dealing claim against a workers' compensation insurance carrier is not a civil action "arising under" state workers' compensation insurance laws. *Id.* at 790. In *Patin,* the plaintiff filed suit against his workers' compensation carrier asserting a claim for breach of the duty of good faith and fair dealing. The carrier removed the case to federal court. Plaintiff's motion to remand asserted the claim against the insurance carrier was a cause of action "arising under the workers' compensation laws" of Texas and accordingly was not subject to removal. *Id.* at 786 *citing* 28 U.S.C. § 1445(c)("a civil action in any state court arising under the workers' compensation laws of such state may not be removed to any district court of the United States"). The court determined that a breach of the duty of good faith claim "arises under"

6

common law, not the Texas Workers' Compensation Act.  Accordingly, Plaintiff's

Motion to Remand was properly denied and the federal court had jurisdiction to

consider the merits of plaintiff's breach of the duty of good faith and fair dealing

claim.  *Id* at 790.

14.    Plaintiff readily admits: "This is an action for breach of the duty of

good faith and fair dealing by the Plaintiff against his employer, H.E. Butt Grocery

Company".  *See* pg. 1 of Plaintiff's Motion to Remand.  Accordingly, even if the

H.E.B. Work Injury Benefit Plan is maintained 'solely to comply with workmen's

compensation laws', (which it is not), it is not subject to remand as previously

addressed by the 5th Circuit.  Clearly, this Court has jurisdiction to consider the

merits of Plaintiff's claim.

## CONCLUSION

15.    H.E.B. in not a subscriber to the Texas Workers' Compensation Act.

The H.E.B. Work Injury Benefit Plan is not an insurance plan that is maintained

solely for the purpose of complying with applicable workers' compensation laws.

Rather, it is a self-funded employee benefit plan subject to ERISA.  Texas courts

have previously rejected the identical argument asserted by Plaintiff in this suit.

Accordingly, Plaintiff's Motion for Remand is improper and should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests this

court deny Plaintiff's Motion for Remand, that Defendant recover its attorney's

fees in responding to Plaintiff's improper motion and for all such other relief to

which this party may be entitled.

7

Respectfully submitted,

SHELTON & VALADEZ, P.C.
2600 Weston Centre
112 E. Pecan Street
San Antonio, Texas 78205
Telephone: (210) 349-0515
Telecopier: (210) 349-3666

BY: _____
 ROBERT A. VALADEZ
 State Bar No. 20421845
 Federal Bar No. 10959
 MARK A. GILTNER
 State Bar No. 07964960
 Federal Bar No. 15441

ATTORNEYS IN CHARGE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Defendant's Amended Response to Plaintiff's Motion to Remand and Brief in Support Thereof was forwarded via certified mail, return receipt requested and on the ___16___ day of November, 2000 to:

George P. Powell            CMRRR 7000 0525 0025 4698 5542
HINOJOSA & POWELL, P.C
612 Nolan, Ste 410
McAllen, Texas 7504

James A. Herrmann           CMRRR 7000 0025 0025 4989 5559
1205 E. Tyler Avenue
Harlingen, Texas 78550

_____
MARK A. GILTNER

157795

8