United States District Court
Southern District of Texas
FILED

JAN 1 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL SALDAÑA, | § | |
| | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | |
| | § | B-00149 |
| vs. | § | |
| | § | |
| H.E.B., INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
AND AMENDED RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff hereby files his reply to the defendant's response to plaintiff's motion to remand and in support of said reply would respectfully show the following:

1. Defendant argues that the plaintiff is covered by the HEB Work Injury Benefit Plan and, plaintiff being covered, defendant HEB would not be subject to a negligence suit stripped of its common law defenses.

**There Is No Proof That Daniel Saldana Was Enrolled In Either Comprehensive Or Basic Coverage Under The HEB Plan.**

2. Despite having been sent discovery requesting evidence that plaintiff was enrolled in either comprehensive or basic coverage under the HEB program, defendant has produced no evidence to show that the plaintiff was indeed enrolled. Again, it is the burden of the

employer to show that it is entitled to the protection of an exemption. <u>Olivarez vs. Utica Mutual Ins. Co.</u>, 710 F.Supp. 642 (D. N. D. Tex. Dal. Div. 1989).[1]

3. Defendant argues at page 6 of their supplemental response that the Fifth Circuit in <u>Patin vs. Allied Signal, Inc.</u>, 77 F.3d 782 (5th Cir. 1996) should be followed for the proposition that, at least for the purposes of <u>diversity</u>, a claim of breach of duty of good faith and fair dealing in the worker's compensation context is not a civil action <u>arising under the state worker's compensation insurance laws</u>. 28 U.S.C. § 1445(c). However, the defendant here does not suggest that there is diversity of citizenship between the plaintiff and the defendant and suggests no other federal basis for federal jurisdiction other than ERISA preemption.

4. Whether the <u>Patin</u> court correctly decided that a claim for breach of duty of good faith and fair dealing was not a case arising under the worker's compensation laws of the State of Texas for diversity removal purposes, <u>Patin</u> reviewed an old law Texas Worker's Compensation case. In 1991 Texas extensively amended its worker's compensation statutes and specifically provided for the treatment of good faith and fair dealing in the 1991 statute. Vern.'s Anno. Tex. Stat. Labor Code § 416. Therefore, the notion stressed by <u>Patin</u> that a

---

[1] <u>Request for Production No. 10</u>: Produce any written agreement signed by the Plaintiff which compels the Plaintiff to binding arbitration for the claims set forth in his original petition.

<u>Response</u>: Plaintiff's personnel file has been requested and will be supplemented if and/or when received by Defendant's attorney of record. Certificate of Service dated October 23, 2000.

2

suit for the breach of good faith and fair dealing was nothing more than a common law tort not arising under the worker's compensation statute is no longer the case.

**WHEREFORE,** plaintiff prays that the plaintiff's motion to remand be in all things granted.

Respectfully submitted,

By: *James A. Herrmann*
JAMES A. HERRMANN
State Bar No. 09541500
Fed. I.D. No. 3824
1205 E. Tyler Avenue
Harlingen, TX 78550
(956) 421-5776
Fax No. (956) 421-5779

GEORGE P. POWELL
State Bar No. 16196000
Fed. I.D. No. 3849
Hinojosa & Powell, P.C.
612 Nolana, Ste. 410
McAllen, TX 78504
(956) 686-2413
Fax No. (956) 686-8462

## CERTIFICATE OF SERVICE

I, JAMES A. HERRMANN, do hereby certify that on this the 12 day of January, 2000, I caused to be mailed a true and correct copy of Plaintiff's Reply to Defendant's Response and Amended Response to Plaintiff's Motion for Remand to defendant's attorney of record:

Mr. Robert A. Valadez
Shelton & Valadez, P.C.
2600 Weston Centre
112 E. Pecan
San Antonio, TX 78205

*James A. Herrmann*
JAMES A. HERRMANN

3