12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANIEL SALDAÑA, | § | |
| Plaintiff, | § | C.A. NO. B-00-149 |
| vs. | § | |
| H.E. BUTT GROCERY CO., | § | |
| Defendant. | § | |

## JOINT REPORT OF MEETING
## AND
## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   In accordance with Rule 26(f), a meeting of the attorneys of record in this case was conducted at 3:00 p.m. on January 29, 2001 via telephone.

   All attorneys of record were in attendance.
   James A. Herrmann, Counsel for Plaintiff
   Mark A. Giltner, Counsel for Defendant

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   Daniel Saldaña vs. H.E.B.
   Cause No. 2000-07-02892-E
   In the 357th Judicial District Court of Cameron County, Texas

3.  Specify the allegation of federal jurisdiction.

    Plaintiff contends that there is no federal jurisdiction of this case.

    Defendant asserts federal jurisdiction exists due to ERISA preemption; *See,* 29 U.S.C. § 1132; 29 U.S.C. § 1144(a)

4.  Name the parties who disagree and the reasons.

    Plaintiff contends that the HEB safety program is a law which has as its sole purpose to implement the provisions of the Texas Worker's Compensation Law which it chooses to implement and others which it seeks to avoid.

    Defendant asserts ERISA preempts Plaintiff's allegations of breach of the duty of good faith and fair dealing relating to the administration of benefits under the H.E.B. Work Injury Benefit Plan.

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    No additional parties are anticipated.

6.  List anticipated interventions.

    No interventions are anticipated.

7.  Describe class-action issues.

    No class action issue exists.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Rule 26(a) disclosures has not been made by the parties.

2

ClibPDF - www.fastio.com

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   Parties agree to produce all matters set forth in Rule 26(a)(1) by thirty (30) days from the date of the initial meeting.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   Plaintiff has already sent interrogatories to defendant which have only been partially answered.

   C. When and to whom the defendant anticipates it may send interrogatories.

   Defendant anticipates it may send interrogatories to the plaintiff by March 15, 2001.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   Plaintiff anticipates taking the oral depositions of Sal Lozano and Daniel Saldaña's Supervisor by March 30, 2001.

   E. Of whom and by when the defendant anticipates taking oral depositions.

   The defendant anticipates taking the oral deposition of plaintiff by April 15, 2001.

   F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

   The plaintiff will be able to designate experts and provide the reports required of Rule 26(a)(2)(B) by May 1, 2001.

   The defendant will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) by June 1, 2001.

3

  G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

    Plaintiff does not plan to take expert depositions unless his expert will not be available for trial.

  H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

    Defendants may take the deposition of the plaintiff's expert within sixty (60) days of designation and receipt of report.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

  Not applicable.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

  Plaintiff has sent requests for production and interrogatories to defendant.

12. State the date the planned discovery can reasonably be completed.

  Discovery can reasonably be completed by <u>June 30, 2001</u>.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

  The parties are open to settlement discussions and possible mediation.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

  The parties have agreed to answer discovery promptly and efficiently.

4

15. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Plaintiff believes that mediation may be useful after the completion of discovery.

    Defendant asserts the parties' agreement to submit all disputes to binding arbitration is the proper to dispute resolution technique in this matter.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Plaintiff and defendant consent to having trial before a Magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    Jury demand was timely made in the state court petition before removal.

    Defendant asserts a jury demand is irrelevant in light of pending ERISA issues.

18. Specify the number of hours it will take to present the evidence in this case.

    Plaintiff anticipates the case will require three working days to try.

    Defendant anticipates the case will require two workings days to try.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Pending before this Court is Defendant's 12(b)(6) Motion; Plaintiff's Motion to Remand and Opposition to Defendant's 12(b)(6) Motion; and, Defendant's Amended Response to Plaintiff's Motion to Remand and Brief in Support Thereof.

20. List other pending motions.

    None at this time.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    There are none.

5

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

The names, bar numbers, addresses, and telephone numbers of all counsel are as follows:

**Attorney for Plaintiff:**

James A. Herrmann
State Bar No. 09541500
Fed. I.D. No. 3824
1205 E. Tyler Avenue
Harlingen, TX 78550
(956) 421-5776
Fax No. (956) 421-5779

BY: *James A. Herrmann*
JAMES A. HERRMANN
DATE: 1/30/2001

George P. Powell
State Bar No. 16196000
Fed. I.D. No. 3849
Hinojosa & Powell, P.C.
612 Nolana, Ste. 210
McAllen, TX 78504
(956) 686-2413
Fax No. (956) 686-8462

**Attorneys for Defendants:**

ROBERT A. VALADEZ
State Bar No. 20421845
Fed. I.D. No. 10959
MARK A. GILTNER
State Bar No. 07964960
Fed. I.D. No. 15441
Shelton & Valadez, P.C.
2600 Weston Centre
112 E. Pecan
San Antonio, TX 78205
(210) 349-0515
Fax No. (210) 349-3666

BY: *Mark A. Giltner*
MARK A. GILTNER
DATE: 1/29/01

6